UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGIA ROODE and
CHRISTOPHER ROODE

       Plaintiffs,                         Case No.: 8:21-cv-00774-MSS-AEP

v.

NEWREZ, LLC; EQUIFAX, INC.;
EXPERIAN INFORMATION
SOLUTIONS, INC.; and
TRANSUNION, LLC

       Defendants.
_____/

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, Georgia Roode ("Mrs. Roode") and Christopher Roode ("Mr. Roode")(Collectively "Plaintiffs" or "Roodes"), by and through their undersigned counsel, hereby file this Amended Complaint against Defendants, NewRez, LLC; Equifax, Inc; Experian Information Solutions, Inc.; and TransUnion, LLC (collectively as "Defendants"), in support thereof, respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), and states as follows:

**NATURE OF ACTION**

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

2. The FCRA was enacted to promote accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, and in doing so, promote the efficiency and public confidence in the banking system.

3. Defendants have violated the FCRA with respect to Plaintiffs by failing to conduct a reasonable investigation into inaccurate and/or incomplete information Defendant reported to multiple Credit Reporting Agencies concerning the Plaintiffs' mortgage with Defendant.

4. Plaintiffs bring claims for their actual and punitive damages against Defendants for their failure to conduct a reasonable investigation into the reporting of inaccurate and/or incomplete information concerning the Plaintiffs' mortgage with Defendant NewRez.

## JURISDICTION AND VENUE

5. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue is proper in this District as Plaintiffs reside in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this district. 28 U.S.C. § 1391(b)(2).

7. Plaintiffs have performed all conditions precedent necessary to the maintenance of this action.

## PARTIES

8. Plaintiffs are individuals residing in Pinellas County, Florida and were residents of Pinellas County, Florida at all times relevant to this action.

9. Defendant NewRez, LLC ("NewRez") Delaware corporation registered to do business in Florida with its principal business address at 1100 Virginia Drive, Suite 125, Fort Washington, PA 19034.

10. At all times material, NewRez is a person who furnishes information to credit reporting agencies as provided in 15 U.S.C. § 1681s-2.

11. Defendant Equifax, Inc. ("Equifax"), is a Georgia corporation with its principal office address in Atlanta, Georgia. Defendant Equifax is subject to the jurisdiction of this Court as it transacts business in this District.

12. At all times material, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

13. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

14. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal office address in Costa Mesa, California. Defendant Experian is subject to the jurisdiction of this Court as it transacts business in this District.

15. At all times material, Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

16. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

17. Defendant TransUnion, LLC ("TransUnion") is a Delaware corporation with its principal office address in Chicago, Illinois. Defendant TransUnion is subject to the jurisdiction of this Court as it transacts business in this District.

18. At all times material, TransUnion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and is regularly engaged in the business of assembling, evaluating, and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

19. Upon information and belief, TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

20. At all times material, Defendants acted themselves or through their agents, employees, third-party vendors, officers, members, directors, successors, assigns, principals, trustees, subrogees, representatives, and insurers.

## FACTUAL BACKGROUND

21. Plaintiffs bought their current residence in September 2014 and obtained financing and a mortgage through Carrington Mortgage Services, LLC.

22. Plaintiffs made all payments on time through March 2016.

23. Plaintiffs made trial modification payments in August 2016 and September 2016, and then payments were on time through August 2019.

24. In August of 2019, Plaintiffs refinanced their mortgage with Bank of England Mortgage.

25. Bank of England Mortgage immediately transferred the Plaintiffs' mortgage to Ditech Financial, LLC ("DiTech").

26. Plaintiffs made their September 2019 mortgage payment to Ditech and made on time payments until Ditech transferred Plaintiffs' mortgage to NewRez in February 2020

27. Plaintiffs have made all mortgage payments to NewRez on time.

28. On July 16, 2020, Plaintiffs filed a complaint with the Consumer Financial Protection Bureau ("CFPB") stating that NewRez considers the Plaintiffs' mortgage discharged in bankruptcy and must be reaffirmed. CFPB sent the complaint to NewRez on July 16, 2020.

29. On July 27 and 28, 2020, the Roodes sent letters to NewRez requesting that NewRez report the Plaintiffs' mortgage payments to the Credit Reporting Agencies ("CRA" i.e., Equifax, TransUnion and Experian) Plaintiffs' letter was faxed, certified mailed and emailed. NewRez received the letter via certified mail on August 3, 2020.

30. On July 31, 2020, Plaintiffs received a letter from NewRez. This letter details the bankruptcy mistake NewRez made when onboarding the mortgage from DiTech, but affirmatively states that NewRez corrected the bankruptcy mistake and began reporting the loan in June 2020 to the CRAs. NewRez cites an interim report control number of 100295389 to update February through June 2020 reporting to CRAs. NewRez requests Plaintiffs wait three to five business days until the updates are made with the CRAs.

31. On July 31, 2020, NewRez sent a letter response to Plaintiffs' July 16, 2020, CFPB complaint. NewRez referred the CFPB to its other July 31, 2020 NewRez letter sent to Plaintiffs as outlined in Paragraph 30 above.

32. On August 29, 2020, NewRez responded to an email from Plaintiffs acknowledging and apologizing for not reporting Plaintiffs' mortgage to the CRAs. NewRez acknowledged its bankruptcy mistake when this erroneous information was added to Plaintiffs account. NewRez again stated that its Automated Universal Data Form ("AUD") submitted to the CRAs on August 14, 2020, would report Plaintiffs' mortgage as current for February 2020 through July 2020. NewRez requested Plaintiffs' wait thirty days for the CRAs to show updated information.

33. On September 9, 2020, NewRez sent a letter to Plaintiffs' stating that it received similar correspondence regarding the credit reporting and that it would not take any further action to assist.

34. On September 14, 2020, NewRez mailed a Verification of Mortgage which showed the Plaintiffs' mortgage as current and not in bankruptcy.

35. On September 14, 2020, the Plaintiffs both obtained their Experian CRA report.

36. On September 15, 2020, the Plaintiffs both obtained their Equifax CRA report.

37. In September 2020, Plaintiffs made the following disputes to the various CRAs, and each dispute contained Plaintiffs' drivers licenses, excerpts of credit reports, and a Verification of Mortgage response from NewRez indicating on time payments.

   a. Chris Roode dispute sent to Experian and delivered on 9/26/2020.

   b. Chris Roode dispute sent to TransUnion and delivered on 9/28/2020.

   c. Chris Roode dispute sent to Equifax and delivered on 9/29/2020.

   d. Georgia Roode dispute sent to TransUnion and delivered on 9/28/2020.

   e. Georgia Roode dispute sent to Experian and delivered on 9/26/2020.

   f. Georgia Roode dispute sent to Equifax and delivered on 9/29/2020.

38. Plaintiffs received the following responses in relation to the disputes filed above in Paragraph 26 of this Complaint:

   a. On October 1, 2020, Equifax responded to Chris Roode's dispute by not adding NewRez to its reports and not referencing NewRez in the dispute result.

   b. On October 2, 2020, TransUnion responded to Georgia Roode's dispute on file number 323509316 and stated it could not respond because they were unable to determine the request, or it was illegible.

   c. On October 8, 2020, TransUnion updated its previous response to Georgia Roode's dispute, by deleting reporting on Ditech, which was harmful to

Georgia Roode, verified Bank of England information and did not add NewRez.

d. On October 26, 2020, Equifax responded to Georgia Roode's dispute stating it could not verify Georgia Roode's information, so no result was sent.

e. Experian failed to respond to Chris Roode's dispute above.

f. Equifax and Experian did not respond to Georgia Roode's disputes above.

39. On October 12, 2020, the Plaintiffs again obtained credit reports from three CRAs, including Equifax, Experian and TransUnion, and there was no reporting of Plaintiffs' timely mortgage payments to NewRez.

40. On October 15, 2020, the Plaintiffs placed a call to NewRez. The Plaintiffs spoke to RayAnn Gillespie and then were transferred to Stephanie Scarla, who stated it was NewRez's error reporting the loan as being included in a bankruptcy and that the Plaintiffs' file would be corrected within two weeks of the call by NewRez. Stephanie Scarla also reported that NewRez had received a Qualified Written Request ("QWR") and NewRez was in the process of responding.

41. On October 23, 2020, the Plaintiffs sent dispute letters to three CRAs, including Equifax, Experian and TransUnion, and a QWR to NewRez. The dispute letters contained a copy of the Plaintiffs' Florida driver's licenses, dates of birth, social security numbers, a copy of the August 28, 2020, NewRez letter from Paragraph 21 above, all copies of relevant credit report excerpts showing on time payments and loan transfers regarding the mortgage on Plaintiffs' residence, a copy of the Verification of Mortgage dated September 14, 2020, a copy of the CFPB complaint file number, and a request to have an actual person investigate the disputes.

42. NewRez received the QWR outlined in Paragraph 41 above on October 30, 2020.

43. The CRAs received the disputes outlined in Paragraph 41 above as follows:

    a. Experian received both Plaintiffs' disputes on November 5 and 6, 2020.

    b. TransUnion received both Plaintiffs' disputes on November 2, 2020.

    c. Equifax received both Plaintiffs' disputes on November 10, 2020.

44. Plaintiffs received the following responses in relation to the disputes and QWR filed above in Paragraph 41 of this Complaint:

    a. On November 6, 2020, NewRez sent a letter to Plaintiffs acknowledging receipt of the QWR.

    b. On November 10, 2020, Experian responded to Chris Roode's dispute by not addressing NewRez or adding NewRez reporting.

    c. On December 1, 2020, NewRez responded to the QWR again and again acknowledged its error in reporting a bankruptcy of the mortgage on Plaintiffs' residence but did not give a time frame on when that reporting error would be fixed.

    d. On December 3, 2020, Equifax responded to Chris Roode's dispute by not addressing or adding NewRez to its report, and deleting DiTech, which was harmful to Chris Roode.

    e. On December 3, 2020, Equifax responded to Georgia Roode's dispute by not addressing or adding NewRez to its report, and deleting DiTech, which was harmful to Georgia Roode.

    f. On December 6, 2020, the Plaintiffs received an email from Experian that it was deleting DiTech from its report which was harmful to Plaintiffs.

    g. On December 10, 2020, Experian responded to Georgia Roode's dispute by not addressing or adding NewRez to its report, and deleting DiTech, which was harmful to Georgia Roode.

45. On December 23, 2020, the Plaintiffs again obtained credit reports from three CRAs, including Equifax, Experian and TransUnion, and there was no reporting of Plaintiffs' timely mortgage payments to NewRez.

46. On January 11, 2021, the Plaintiffs again obtained credit reports from three CRAs, including Equifax, Experian and TransUnion, and there was no reporting of Plaintiffs' timely mortgage payments to NewRez.

47. As a result of the foregoing, Plaintiffs have retained the services of undersigned counsel and have agreed to pay said counsel a reasonable attorney's fee.

### COUNT I – VIOLATION OF 15 U.S.C. §1681s-2(b) AGAINST NEWREZ

48. Plaintiffs re-allege and reincorporate paragraphs 1 through 47, as if fully set forth herein.

49. NewRez has violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiffs' disputes outlined above on numerous occasions. As a result of this conduct, action, and inaction of NewRez, Plaintiffs have suffered damages by loss of credit and the loss of the ability to purchase and benefit from credit.

50. On numerous occasions as outlined above, NewRez violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

51. When Plaintiff mailed their detailed, written disputes and enclosures to the CRAs, they used e-Oscar to transmit those disputes to NewRez via ACDV forms.

52. The ACDV form is the method by which NewRez has elected to receive consumer disputes pursuant to 15 U.S.C. §§ 1681i(a) and 1681s-2(b).

53. NewRez understood the nature of the Plaintiff's dispute when it revived the ACDV from the CRAs.

54. NewRez received the ACDV from the CRAs, it as well could have reviewed its own systems and previous communications with the Plaintiff and discovered that NewRez in fact had connected with the Plaintiff.

55. Notwithstanding the above, discovery will show NewRez follows a standard and systematically unlawful process when it received the ACDV dispute. Basically, all NewRez does is review its own internal computer screen with basic data for the account and repeat back to the ACDV system the same information NewRez already had reported to the CRAs.

56. When NewRez receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is accurate.

57. On numerous occasions as outlined above, NewRez violated 15 U.S.C. § 1681s-2(b)(1)(C) and/or (D) by failing to report the corrected information to the CRAs, as found and evidenced by NewRez's letters to Plaintiffs, specifically that Plaintiffs had been making timely payments on their mortgage and that there was no bankruptcy involved with Plaintiffs' mortgage.

58. As a result of NewRez's violations of 15 U.S.C. § 1681s-2(b)(1)(A),(B), (C) and (D) the Plaintiffs have suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, other mental and emotional distress and loss of ability to obtain credit.

59. NewRez's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

60. In the alternative, NewRez was negligent entitling Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

61. Plaintiffs are entitled to recover attorney's fees and costs from NewRez in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II - FAILURE TO REINVESTIGATE AGAINST EXPERIAN

62. Plaintiffs re-allege and reincorporate paragraphs 1 through 47, as if fully set forth herein.

63. Defendant Experian failed to conduct a reasonable reinvestigation of the information in Plaintiffs' credit file after receiving actual notice of inaccuracies; failed to assure accurate information Plaintiffs' credit reports was included after actual notice of inaccuracies; failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit file; and relied upon verification from a source it has reason to know is unreliable, in violation of 15 U.S.C. § 1681i.

64. Defendant Experian's conduct, action, and inaction was willful, or, in the alternative, negligent.

65. Plaintiffs were harmed by Defendant Experian's conduct, action, and inaction.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

    (a) Appropriate statutory penalties for each violation of the FCRA;
    (b) Actual damages;
    (c) Punitive damages;
    (d) Reasonable attorney's fees and the costs of this litigation;
    (e) Pre-judgment and post-judgment interest at the legal rate;
    (f) Appropriate equitable relief, including the correction of Plaintiff's credit score; and
    (g) Such other relief as the Court deems equitable, just, and proper.

## COUNT III - FAILURE TO ASSURE ACCURACY AGAINST EXPERIAN

66. Plaintiffs re-allege and reincorporate paragraphs 1 through 47, as if fully set forth herein.

67. Defendant Experian failed to establish or follow reasonable procedures to assure

maximum possible accuracy in the preparation of the credit report and credit files maintained and published concerning Plaintiffs, in violation of 15 U.S.C. § 1681e(b).

68. Defendant Experian's conduct, action, and inaction was willful, or, in the alternative, negligent.

69. Plaintiffs were harmed by Defendant Experian's conduct, action, and inaction.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(a) Appropriate statutory penalties for each violation of the FCRA;
(b) Actual damages;
(c) Punitive damages;
(d) Reasonable attorney's fees and the costs of this litigation;
(e) Pre-judgment and post-judgment interest at the legal rate;
(f) Appropriate equitable relief, including the correction of Plaintiff's credit score; and
(g) Such other relief as the Court deems equitable, just, and proper.

**COUNT IV – CONTINUING TO REPORT INACCURATE AND/OR UNVERIFIABLE INFORMATION AGAINST EXPERIAN**

70. Plaintiffs re-allege and reincorporate paragraphs 1 through 47, as if fully set forth herein.

71. In violation of 15 U.S.C. § 1681i(a)(5), Defendant Experian inaccurately reported on Plaintiffs' timely mortgage payments to NewRez by failing to include Plaintiffs' payments of the NewRez mortgage in the credit report and credit files maintained and published by Experian concerning Plaintiffs when reinvestigation would have found that Plaintiffs had been timely making mortgage payments to NewRez since February 2020.

72. Defendant Experian's conduct, action, and inaction was willful, or, in the alternative, negligent.

73. Plaintiffs were harmed by Defendant Experian's conduct, action, and inaction.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(a) Appropriate statutory penalties for each violation of the FCRA;

  (b) Actual damages;
  (c) Punitive damages;
  (d) Reasonable attorney's fees and the costs of this litigation;
  (e) Pre-judgment and post-judgment interest at the legal rate;
  (f) Appropriate equitable relief, including the correction of Plaintiff's credit score; and
  (g) Such other relief as the Court deems equitable, just, and proper.

### COUNT V - FAILURE TO REINVESTIGATE AGAINST EQUIFAX

74. Plaintiffs re-allege and reincorporate paragraphs 1 through 47, as if fully set forth herein.

75. Defendant Equifax failed to conduct a reasonable reinvestigation of the information in Plaintiffs' credit file after receiving actual notice of inaccuracies; failed to assure accurate information Plaintiffs' credit reports was included after actual notice of inaccuracies; failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit file; and relied upon verification from a source it has reason to know is unreliable, in violation of 15 U.S.C. § 1681i.

76. Defendant Equifax's conduct, action, and inaction was willful, or, in the alternative, negligent.

77. Plaintiffs were harmed by Defendant Equifax's conduct, action, and inaction.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

  (a) Appropriate statutory penalties for each violation of the FCRA;
  (b) Actual damages;
  (c) Punitive damages;
  (d) Reasonable attorney's fees and the costs of this litigation;
  (e) Pre-judgment and post-judgment interest at the legal rate;
  (f) Appropriate equitable relief, including the correction of Plaintiff's credit score; and
  (g) Such other relief as the Court deems equitable, just, and proper.

### COUNT VI - FAILURE TO ASSURE ACCURACY AGAINST EQUIFAX

78. Plaintiffs re-allege and reincorporate paragraphs 1 through 47, as if fully set forth

herein.

79. Defendant Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files maintained and published concerning Plaintiffs, in violation of 15 U.S.C. § 1681e(b).

80. Defendant Equifax's conduct, action, and inaction was willful, or, in the alternative, negligent.

81. Plaintiffs were harmed by Defendant Equifax's conduct, action, and inaction.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(a) Appropriate statutory penalties for each violation of the FCRA;
(b) Actual damages;
(c) Punitive damages;
(d) Reasonable attorney's fees and the costs of this litigation;
(e) Pre-judgment and post-judgment interest at the legal rate;
(f) Appropriate equitable relief, including the correction of Plaintiff's credit score; and
(g) Such other relief as the Court deems equitable, just, and proper.

### COUNT VII – CONTINUING TO REPORT INACCURATE AND/OR UNVERIFIABLE INFORMATION AGAINST EQUIFAX

82. Plaintiffs re-allege and reincorporate paragraphs 1 through 47, as if fully set forth herein.

83. In violation of 15 U.S.C. § 1681i(a)(5), Defendant Equifax inaccurately reported on Plaintiffs' timely mortgage payments to NewRez by failing to include Plaintiffs' payments of the NewRez mortgage in the credit report and credit files maintained and published by Equifax concerning Plaintiffs when reinvestigation would have found that Plaintiffs had been timely making mortgage payments to NewRez since February 2020.

84. Defendant Equifax's conduct, action, and inaction was willful, or, in the alternative, negligent.

85. Plaintiffs were harmed by Defendant Equifax's conduct, action, and inaction.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

    (a)    Appropriate statutory penalties for each violation of the FCRA;
    (b)    Actual damages;
    (c)    Punitive damages;
    (d)    Reasonable attorney's fees and the costs of this litigation;
    (e)    Pre-judgment and post-judgment interest at the legal rate;
    (f)    Appropriate equitable relief, including the correction of Plaintiff's credit score; and
    (g)    Such other relief as the Court deems equitable, just, and proper.

## COUNT VIII - FAILURE TO REINVESTIGATE AGAINST TRANSUNION

86. Plaintiffs re-allege and reincorporate paragraphs 1 through 47, as if fully set forth herein.

87. Defendant TransUnion failed to conduct a reasonable reinvestigation of the information in Plaintiffs' credit file after receiving actual notice of inaccuracies; failed to assure accurate information Plaintiffs' credit reports was included after actual notice of inaccuracies; failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit file; and relied upon verification from a source it has reason to know is unreliable, in violation of 15 U.S.C. § 1681i.

88. Defendant TransUnion's conduct, action, and inaction was willful, or, in the alternative, negligent.

89. Plaintiffs were harmed by Defendant TransUnion's conduct, action, and inaction.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

    (a)    Appropriate statutory penalties for each violation of the FCRA;
    (b)    Actual damages;
    (c)    Punitive damages;
    (d)    Reasonable attorney's fees and the costs of this litigation;
    (e)    Pre-judgment and post-judgment interest at the legal rate;
    (f)    Appropriate equitable relief, including the correction of Plaintiff's credit score; and
    (g)    Such other relief as the Court deems equitable, just, and proper.

## COUNT IX - FAILURE TO ASSURE ACCURACY AGAINST TRANSUNION

90. Plaintiffs re-allege and reincorporate paragraphs 1 through 47, as if fully set forth herein.

91. Defendant TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files maintained and published concerning Plaintiffs, in violation of 15 U.S.C. § 1681e(b).

92. Defendant TransUnion's conduct, action, and inaction was willful, or, in the alternative, negligent.

93. Plaintiffs were harmed by Defendant TransUnion's conduct, action, and inaction.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(a) Appropriate statutory penalties for each violation of the FCRA;
(b) Actual damages;
(c) Punitive damages;
(d) Reasonable attorney's fees and the costs of this litigation;
(e) Pre-judgment and post-judgment interest at the legal rate;
(f) Appropriate equitable relief, including the correction of Plaintiff's credit score; and
(g) Such other relief as the Court deems equitable, just, and proper.

## COUNT X – CONTINUING TO REPORT INACCURATE AND/OR UNVERIFIABLE INFORMATION AGAINST TRANSUNION

94. Plaintiffs re-allege and reincorporate paragraphs 1 through 47, as if fully set forth herein.

95. In violation of 15 U.S.C. § 1681i(a)(5), Defendant TransUnion inaccurately reported on Plaintiffs' timely mortgage payments to NewRez by failing to include Plaintiffs' payments of the NewRez mortgage in the credit report and credit files maintained and published by TransUnion concerning Plaintiffs when reinvestigation would have found that Plaintiffs had been timely making mortgage payments to NewRez since February 2020.

96. Defendant TransUnion's conduct, action, and inaction was willful, or, in the

alternative, negligent.

97. Plaintiffs were harmed by Defendant TransUnion's conduct, action, and inaction.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(a) Appropriate statutory penalties for each violation of the FCRA;
(b) Actual damages;
(c) Punitive damages;
(d) Reasonable attorney's fees and the costs of this litigation;
(e) Pre-judgment and post-judgment interest at the legal rate;
(f) Appropriate equitable relief, including the correction of Plaintiff's credit score; and
(g) Such other relief as the Court deems equitable, just, and proper

## DEMAND FOR JURY TRIAL

**WHEREFORE**, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against Defendants NewRez, LLC; Equifax, Inc; Experian Information Solutions, Inc.; and TransUnion, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021, a true and correct copy of the foregoing was served via the Court's CM/ECF electronic filing system. The CM/ECF system will forward a Notice to all interested parties.

Respectfully Submitted,

*/s/ Dennis A. Creed, III*
Bradley R. Hall, Esq.
Florida Bar No.: 26172
Email: bhall@creedlawgroup.com
Dennis A. Creed, III, Esq.
Florida Bar No. 0043618
Email: dcreed@creedlawgroup.com
Creed Law Group, PLLC d/b/a
Creed & Hall
13043 West Linebaugh Avenue

Tampa, FL 33626
Telephone: (813) 444-4332
Fax: (813) 441-6121

and

*/s/ Christopher W. Boss*
BOSS LAW
Christopher W. Boss, Esq.
Fla. Bar No.: 13183
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Email: cpservice@protectyourfuture.com

*Attorneys for Plaintiff*